Opinion issued June 8, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00068-CR




CHRISTIAN DIOR CONNOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 991232




MEMORANDUM OPINION

          A jury convicted appellant, Christian Dior Connor, of aggravated robbery, and
the trial court assessed punishment at 20 years’ confinement. In his sole point of
error, he contends the trial court erred by permitting the introduction of irrelevant
“victim sympathy evidence.” We affirm.
BACKGROUND
          On May 28, 2004, Richard Worth, the complainant, spent the day with his wife,
who was suffering from a terminal brain disease, which caused her to hallucinate and
become violent toward him. Worth himself had recently been diagnosed with a
“pretty serious” liver ailment. Worth testified that he was also struggling with
financial problems. He was having difficulty getting money out of a trust and his
wife’s medical situation had left him in “bad financial shape.” He, as an accountant,
was also struggling to finish some tax returns by the tax-filing deadline.
          Around 10:30 p.m., Worth and his wife decided to go to Katz’s Deli for dinner. 
Worth stopped at an automated teller machine (ATM) to withdraw some cash. He
walked up to the machine, checked his balance, and, upon realizing that he did have
enough cash in his wallet for dinner, left the ATM without withdrawing any money.
          As Worth headed back to his car, he noticed appellant walking across the
parking lot. When Worth opened the door to his car, appellant came around the front
of the car holding a gun down by his leg. Appellant asked Worth if he “was ready to
die tonight.” Worth responded that “it was as good a night as any.”
          Appellant put the gun to Worth’s head and asked for his money. Worth
responded, “I told him that he was out of luck. I wasn’t going to give him my
money.” Worth told appellant, “You’d better use that [gun] or back away.” 
Appellant said that he was not afraid to use the gun, and then he pointed it past
Worth’s ear and fired. Worth then reached over, grabbed appellant’s hand, and the
two men struggled for the gun. Worth could not get the gun away from appellant, so
he pushed appellant, threw a money clip on the ground, and stepped behind the car
door. Appellant picked up the money clip, which contained two twenty-dollar bills,
and ran away.
          Margaret Munoz, who had witnessed the robbery from a Sonic parking lot
across the street, copied down the license plate number of the car appellant was
driving. She then went across the street to check on Worth.
          On June 15, 2004, appellant was arrested while driving the car with the licence
number that Munoz had noticed at the scene of the robbery. The police officer who
had been investigating the robbery prepared a line-up that included appellant and
showed it to both Worth and Munoz. Munoz was unable to identify appellant, but
Worth positively identified appellant “very quickly.” The police officer also noted
that appellant’s alibi—that he had been working at Wal-Mart—did not check out
because appellant did not clock in for work on the day of the offense. A police
officer conducted a videotaped interview of appellant, during which he admitted
committing the robbery.
 
“VICTIM SYMPATHY EVIDENCE” AS FUNDAMENTAL ERROR?
          In his sole point of error, appellant contends the trial court erred by permitting
Worth to give “substantial and compelling ‘victim sympathy’ evidence” that was not
relevant and unduly prejudicial. Specifically, appellant complains about the
following evidence elicited by the State during its direct examination of Worth:
[Prosecutor]: Okay. Tell me what was going on in your life during the
daylight hours of May 28th, of 2004.
 
[Worth]: My wife had come down from Schertz, Texas to be with me. 
She has a terminal brain disease. And this is part of the reason we’re not
together. She has fits of dementia. And I had just gotten back from the
doctor and had been diagnosed with a liver ailment, pretty serious.
 
[Prosecutor]: And how was your wife’s condition on that day?
 
[Worth]: It was not real good at all. In fact, we . . . she had some
dementia. She was hallucinating and not real coherent at times and was
. . . part of the problem with the disease is you become very violent and
vicious towards the people you love. It’s called . . . Huntington’s chorea
is the name of the disease.
 
[Prosecutor]: So, she had that and you had received some bad medical
news that day also?
 
[Worth]: That’s correct.
 
[Prosecutor]: Anything else going on in your life that day?
 
[Worth]: Quite a bit. I’m having . . . briefly highlighting on it because
it sounds like I’m crying. I have a trust that I’m having trouble getting
any money out of. I’m in bad financial shape due to my medical
situation and my wife’s medical situation. And plus it was May and it
was a slow time of the year and I was trying to get some tax returns
finished that I had extended until June 15th and was having trouble with
one of them.
 
[Prosecutor]: Okay. So you weren’t having a very good day, were you?
 
[Worth]: No, I was not.
 
          The general rule is that a contemporaneous objection is required to preserve
error. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App.
2000) (plurality op.); Jaenicke v. State, 109 S.W.3d 793, 795 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). Failure to preserve error generally waives the error. Hull
v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002); Muniz v. State, 851 S.W.2d
238, 255 (Tex. Crim. App. 1993). Because appellant did not object, he did not
preserve error under the general rule.
          Appellant contends, however, that the trial court’s admission of “victim
sympathy evidence” is fundamental error. An appellate court may, in rare cases,
“tak[e] notice of fundamental errors affecting substantial rights although they were
not brought to the attention of the [trial] court.” Tex. R. Evid. 103(d); see Jasper v.
State, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001); Blue, 41 S.W.3d at 132. No
objection is required when the error is so egregious that it rises to constitutional
dimensions. See Jasper, 61 S.W.3d at 421; Blue, 41 S.W.3d at 130. 
          Fundamental errors exist when rights are violated that are considered so
fundamental to the proper functioning of our adjudicatory process that they cannot
be forfeited, i.e., they are not extinguished by inaction alone. Blue, 41 S.W.3d at 131.
For an accused to lose a fundamental right, he or she must expressly relinquish that
right. Id.; Nunez v. State, 117 S.W.3d 309, 319 (Tex. App.—Corpus Christi 2003, no
pet.).
          Appellant has not set out any argument to suggest the alleged error here is
fundamental error, other than his contention that this testimony constitutes irrelevant
and inadmissible “victim sympathy evidence.” He also makes no attempt to supply
cases discussing situations in which courts have concluded that the same or similar
was fundamentally erroneous. Nevertheless, we note that fundamental errors that
survive the failure to object timely are either absolute, systemic requirements, or
rights that are waivable-only. Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App.
2002). That the State refrain from introducing evidence that violates evidentiary rules
is neither an absolute, systemic requirement nor a right that is waivable-only. See
Saldano, 70 S.W.3d at 889-90 (holding appellant waived complaint that admission
of expert testimony violated his equal protection rights when he failed to object
below); see also Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993),
overruled on other grounds, Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997)
(acknowledging that most evidentiary and procedural rights are rights that are
implemented by request only). Error in admitting evidence, even if constitutional
rights are implicated, is neither systemic nor waivable-only, and thus is not
fundamental. Saldano, 70 S.W.3d at 889.
          Because error, if any, in allowing the introduction of “victim sympathy
evidence” is not fundamental error, we overrule appellant’s sole issue on appeal.
CONCLUSION
          We affirm the trial court’s judgment.
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).