NO. 07-08-00090-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
27, 2010

 



 

BEAU JACKSON FUQUA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 100TH DISTRICT COURT OF CARSON
COUNTY;

 

NO. 3594; HONORABLE STUART MESSER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Beau
Jackson Fuqua appeals the trial court=s judgment
adjudicating him guilty of the offense of aggravated sexual assault of a child
and sentencing him to twenty-nine years in the Institutional Division of the
Texas Department of Criminal Justice. 
Through one point of error, appellant contends the trial court abused
its discretion by considering evidence outside the record in reaching its
sentencing decision.  We disagree, and
affirm.

                                                                              

Background

Appellant plead
guilty to aggravated sexual assault of a child,[1]
and the trial court entered an order deferring adjudication of his guilt and
placing him on community supervision. 
Appellant=s deferred adjudication community
supervision was conditioned on his compliance with specified terms and
conditions.  The State later filed its
First Amended Motion to Adjudicate Guilt of Defendant, alleging appellant
violated twelve terms and conditions of his community supervision.  The allegations included appellant’s
commission of three additional offenses. 


At the hearing on
the State=s motion, appellant entered pleas of Atrue@ to each of the
State=s
allegations.  Thereafter, the State
presented the testimony of appellant=s probation
officer and a police officer.  

Appellant=s probation
officer testified that appellant was noncompliant with the terms of his
probation and opined appellant was not a good candidate for continued
probation.  On cross-examination, the
officer agreed that many of appellant=s violations were
related in some way to his use of controlled or intoxicating substances.  On re-direct examination, the officer agreed
that appellant also had failed to register as a sex offender
as required by law and had been in a household where young children were
present, in violation of conditions of his community supervision.

The police officer
testified to a traffic stop of appellant, during which appellant exhibited
signs of intoxication, admitted he had consumed beer,
and was shown by intoxilyzer to have a blood alcohol
concentration of 0.136.  

Appellant testified on his own behalf.  With regard to his underlying offense,
appellant admitted he engaged in consensual sexual activity with an underage
girl, more than three years younger than himself, at a party where they were
drinking and taking illicit drugs. 
Appellant testified he had a problem with drugs he was unable to
control. He asked the court for another chance to get his life straightened out
and to allow him to receive treatment for his problems. Appellant=s father testified
in support of his son, describing his own problems with methamphetamine.  He further testified appellant should not be
sent to prison but instead should get the help he needs.  Appellant’s father’s testimony contains the
statement, AHe=s [appellant] a
good baby.  He=s been a good baby
all of his life until that little heifer came into his life.  And dang it, y=all know how she was.  I
mean B .” The victim of
appellant’s assault was twelve years old at the time of the offense.

During the prosecutor’s closing argument, he mentioned the
“little heifer” statement, pointing to it as a part of appellant’s pattern of
blaming others for his conduct.

As he announced appellant’s sentence, the trial judge
commented on appellant’s failure to take advantage of the opportunity afforded
him by the court’s earlier deferral of his adjudication and the community
supervision program.  The court also took
note of appellant’s father’s “little heifer” remark, stating: AI=ve had a 12-year-old
daughter.  And I don=t feel nearly as
hardBI mean, as kindly
towards you as I do that 12-year-old girl. 
Her description from a witness in this very chair where she was compared
to an animal rings in my ears, and I see my daughter there as a 12-year-old
girl.@

The court rejected appellant’s argument for a sentence
focusing on drug treatment and, as noted, sentenced appellant to twenty-nine
years in the Institutional Division.    

Analysis

On appeal,
appellant contends the trial judge’s comment referring to the judge’s own
daughter shows he considered evidence outside of the record when determining
appellant’s sentence, and shows the court’s “own bias” entered into his
sentencing decision.  

A trial judge is
given wide latitude to determine the appropriate sentence in a given case.  Jackson v. State,
680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Harvey
v. State, 173 S.W.3d 841, 850 (Tex.App.BTexarkana
2005, no pet.).  Generally, a
sentence will not be disturbed as long as it is within the proper range of
punishment.  Jackson, 680 S.W.2d at 814.  A
trial judge=s decision on punishment is reviewed under
an abuse of discretion standard.  Id.
 A trial court abuses its discretion when the decision lies outside the
zone of reasonable disagreement.  Apolinar v. State, 155 S.W.3d 184, 186 (Tex.Crim.App.
2005).

We initially note
the trial court’s sentencing decision reflects no abuse of discretion. In a
revocation proceeding, the trial judge is the sole trier
of the facts, and determines the credibility of the witnesses and the weight to
be given to the testimony.  Lee v. State, 952 S.W.2d 894, 897 (Tex.App.BDallas
1997, no pet.).  The trial court was
free to accept the probation officer’s testimony that appellant was a poor
candidate for continued probation, and was free to find that conclusion
reinforced by appellant’s admitted violations of the conditions of his
probation, including three additional violations of law.  The sentence the court imposed is within the
proper range of punishment.  See Tex.
Penal Code Ann. ' 12.32 (Vernon 2003) (providing a
punishment range of imprisonment for life or any term of not more than 99 years
or less than 5 years); Jackson, 680 S.W.2d at 814 (noting discretion
given trial court in sentencing). 

A neutral and
detached judge is a fundamental component of the fair trial to which appellant
was entitled.  Dockstader v. State,
233 S.W.3d 98, 108 (Tex.App.BHouston
[14th Dist.] 2007, pet. ref=d), citing
Markowitz v. Markowitz, 118 S.W.3d 82, 86 (Tex.App.BHouston
[14th Dist. 2003, pet. denied). 
In the absence of a clear showing to the contrary, a reviewing court
will presume that the trial court was neutral and detached.  Jaenicke v. State, 109 S.W.3d 793, 796-97 (Tex.App.BHouston
[1st Dist.] 2003, pet. ref=d).

To reverse a
judgment on the ground of improper conduct or comments of the judge, we must
find (1) that judicial impropriety was in fact committed, and
(2) probable prejudice to the complaining party.  Dockstader, 233 S.W.3d at 108.  The scope of our review is the entire
record.  Id.     

Judicial remarks
during the course of trial that are critical or disapproving of, or even
hostile to, counsel, the parties, or their cases, ordinarily do not support a
bias or partiality challenge.  Id.  See also Garcia v. State, 246 S.W.3d 121,
147 (Tex.App.BSan
Antonio 2007, pet. ref=d) (noting
same for recusal purposes).  From our
review of the entire record, it is clear that, by stating he felt more “kindly”
toward the twelve-year-old victim of appellant’s assault than for appellant,
the trial court merely was expressing his disapproval of appellant’s father’s
“little heifer” remark and its inference that the twelve-year-old was to blame
for appellant’s conduct.  The judge’s
disapproving statement does not support an assertion he was biased against
appellant or impartial in his decision-making. 
Nor does the judge’s expressed mental comparison between the victim and
his recollection of his own daughter at that age constitute “evidence”
improperly considered in the sentencing decision. 

We overrule
appellant=s point of error and affirm the trial
court=s judgment.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.  

            








 











[1] 
See Tex. Penal Code Ann. ' 22.021(a)(2)(B) (Vernon 2007). 
This is a first degree felony punishable by imprisonment for life or a
term of not less than five years or more than 99 years.  Tex. Penal Code Ann. '
12.32 (Vernon 2003).