NO. 07-08-00090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 27, 2010

_____

BEAU JACKSON FUQUA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3594; HONORABLE STUART MESSER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Beau Jackson Fuqua appeals the trial court's judgment adjudicating him guilty of the offense of aggravated sexual assault of a child and sentencing him to twenty-nine years in the Institutional Division of the Texas Department of Criminal Justice. Through one point of error, appellant contends the trial court abused its discretion by considering evidence outside the record in reaching its sentencing decision. We disagree, and affirm.

## Background

Appellant plead guilty to aggravated sexual assault of a child,[1] and the trial court entered an order deferring adjudication of his guilt and placing him on community supervision. Appellant's deferred adjudication community supervision was conditioned on his compliance with specified terms and conditions. The State later filed its First Amended Motion to Adjudicate Guilt of Defendant, alleging appellant violated twelve terms and conditions of his community supervision. The allegations included appellant's commission of three additional offenses.

At the hearing on the State's motion, appellant entered pleas of "true" to each of the State's allegations. Thereafter, the State presented the testimony of appellant's probation officer and a police officer.

Appellant's probation officer testified that appellant was noncompliant with the terms of his probation and opined appellant was not a good candidate for continued probation. On cross-examination, the officer agreed that many of appellant's violations were related in some way to his use of controlled or intoxicating substances. On re-direct examination, the officer agreed that appellant also had failed to register as a sex offender as required by law and had been in a household where young children were present, in violation of conditions of his community supervision.

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon 2007). This is a first degree felony punishable by imprisonment for life or a term of not less than five years or more than 99 years. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

The police officer testified to a traffic stop of appellant, during which appellant exhibited signs of intoxication, admitted he had consumed beer, and was shown by intoxilyzer to have a blood alcohol concentration of 0.136.

Appellant testified on his own behalf. With regard to his underlying offense, appellant admitted he engaged in consensual sexual activity with an underage girl, more than three years younger than himself, at a party where they were drinking and taking illicit drugs. Appellant testified he had a problem with drugs he was unable to control. He asked the court for another chance to get his life straightened out and to allow him to receive treatment for his problems. Appellant's father testified in support of his son, describing his own problems with methamphetamine. He further testified appellant should not be sent to prison but instead should get the help he needs. Appellant's father's testimony contains the statement, "He's [appellant] a good baby. He's been a good baby all of his life until that little heifer came into his life. And dang it, y'all know how she was. I mean – ." The victim of appellant's assault was twelve years old at the time of the offense.

During the prosecutor's closing argument, he mentioned the "little heifer" statement, pointing to it as a part of appellant's pattern of blaming others for his conduct.

As he announced appellant's sentence, the trial judge commented on appellant's failure to take advantage of the opportunity afforded him by the court's earlier deferral of his adjudication and the community supervision program. The court also took note of appellant's father's "little heifer" remark, stating: "I've had a 12-year-old daughter. And I

3

don't feel nearly as hard–I mean, as kindly towards you as I do that 12-year-old girl.  Her description from a witness in this very chair where she was compared to an animal rings in my ears, and I see my daughter there as a 12-year-old girl."

The court rejected appellant's argument for a sentence focusing on drug treatment and, as noted, sentenced appellant to twenty-nine years in the Institutional Division.

Analysis

On appeal, appellant contends the trial judge's comment referring to the judge's own daughter shows he considered evidence outside of the record when determining appellant's sentence, and shows the court's "own bias" entered into his sentencing decision.

A trial judge is given wide latitude to determine the appropriate sentence in a given case.  *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Harvey v. State,* 173 S.W.3d 841, 850 (Tex.App.–Texarkana 2005, no pet.).  Generally, a sentence will not be disturbed as long as it is within the proper range of punishment. *Jackson,* 680 S.W.2d at 814.  A trial judge's decision on punishment is reviewed under an abuse of discretion standard.  *Id.*  A trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement.  *Apolinar v. State,* 155 S.W.3d 184, 186 (Tex.Crim.App. 2005).

We initially note the trial court's sentencing decision reflects no abuse of discretion. In a revocation proceeding, the trial judge is the sole trier of the facts, and

4

determines the credibility of the witnesses and the weight to be given to the testimony. *Lee v. State,* 952 S.W.2d 894, 897 (Tex.App.–Dallas 1997, no pet.). The trial court was free to accept the probation officer's testimony that appellant was a poor candidate for continued probation, and was free to find that conclusion reinforced by appellant's admitted violations of the conditions of his probation, including three additional violations of law. The sentence the court imposed is within the proper range of punishment. *See* Tex. Penal Code Ann. § 12.32 (Vernon 2003) (providing a punishment range of imprisonment for life or any term of not more than 99 years or less than 5 years); *Jackson,* 680 S.W.2d at 814 (noting discretion given trial court in sentencing).

A neutral and detached judge is a fundamental component of the fair trial to which appellant was entitled. *Dockstader v. State,* 233 S.W.3d 98, 108 (Tex.App.–Houston [14th Dist.] 2007, pet. ref'd), *citing Markowitz v. Markowitz,* 118 S.W.3d 82, 86 (Tex.App.–Houston [14th Dist. 2003, pet. denied). In the absence of a clear showing to the contrary, a reviewing court will presume that the trial court was neutral and detached. *Jaenicke v. State,* 109 S.W.3d 793, 796-97 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd).

To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed, and (2) probable prejudice to the complaining party. *Dockstader,* 233 S.W.3d at 108. The scope of our review is the entire record. *Id.*

Judicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.  See also Garcia v. State,* 246 S.W.3d 121, 147 (Tex.App.–San Antonio 2007, pet. ref'd) (noting same for recusal purposes).  From our review of the entire record, it is clear that, by stating he felt more "kindly" toward the twelve-year-old victim of appellant's assault than for appellant, the trial court merely was expressing his disapproval of appellant's father's "little heifer" remark and its inference that the twelve-year-old was to blame for appellant's conduct.  The judge's disapproving statement does not support an assertion he was biased against appellant or impartial in his decision-making.  Nor does the judge's expressed mental comparison between the victim and his recollection of his own daughter at that age constitute "evidence" improperly considered in the sentencing decision.

We overrule appellant's point of error and affirm the trial court's judgment.


James T. Campbell
Justice



Do not publish.

6