Christopher Lee JAENICKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00850–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 12, 2003.

Randy Schaffer, The Schaffer Firm, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Carol M. Cameron, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION ON REHEARING

TIM TAFT, Justice.

Appellant has filed a motion for rehearing of our opinion issued May 15, 2003. We deny that motion. However, we withdraw our May 15 opinion and issue this one in its stead.

The trial court found appellant, Christopher Lee Jaenicke, guilty of aggravated assault and assessed punishment at 20 years in prison. We address whether the trial court's assessment of the maximum punishment based on jury verdicts in other cases constitutes fundamental error and, alternatively, whether appellant was denied the effective assistance of counsel because counsel did not object to the alleged error and did not present mitigating character evidence. We affirm.

## Background

Appellant shot Angelo Montero during a purported drug transaction. The trial court found appellant guilty and assessed the maximum punishment. Appellant filed a motion for a new trial, which the trial court denied. Appellant filed a post-conviction application for writ of habeas corpus and, on June 26, 2002, the Court of

Criminal Appeals granted appellant an out-of-time appeal.[1] Appellant again filed a motion for new trial, the trial court conducted a hearing, and the motion was overruled by operation of law.

## Fundamental Error

 In issue one, appellant contends that the trial court committed fundamental error by assessing the maximum punishment based on jury verdicts in other cases. Appellant claims that he was denied a fair and impartial judge at the sentencing hearing, in violation of the Due Process clause of the United States Constitution.[2] *See* U.S. CONST. amend. V.

Appellant complains of the trial court's following statement:

> I listened very carefully to the testimony of the witnesses, but I told you, Mr. Jaenicke [appellant's father] and Mr. Barnette [appellant's pastoral counselor], if Mr. Angelo Montero had died, your son would be tried right now for capital murder. I have heard many jurors reach verdicts on cases probably not as bad as this where they assessed the maximum punishment. Therefore, I am forced to assess the maximum punishment in this case.

 Appellant admits that his "[d]efense counsel did not object to the court's assessment of the maximum punishment based on jury verdicts in other cases, nor did he ask [the trial court] to set aside the punishment and recuse himself so another judge could assess the punishment." Appellant acknowledges the rule that a party generally must object to preserve error.[3]

---

1. *Ex parte Jaenicke,* No. 74,388 (Tex.Crim.App.2002) (not designated for publication).

2. Appellant also lists a state constitutional due process claim, but this claim is waived because appellant provides no argument pertaining to article 1, section 19 of the Texas

Constitution. *See State v. Toone,* 872 S.W.2d 750, 751 n. 4 (Tex.Crim.App.1994).

3. We note that the contemporaneous-objection rule generally applies even to due process violations. *See Hull v. State,* 67 S.W.3d 215, 217–18 (Tex.Crim.App.2002) (holding that ap-

*See* Tex.R.App. P. 33.1(a). However, appellant maintains that no objection was necessary to preserve error because an appellate court can notice fundamental error affecting substantial rights despite the fact that the error was not brought to the trial court's attention. Appellant relies on *Blue v. State* to support his argument. 41 S.W.3d 129 (Tex.Crim.App.2000).

In *Blue,* the Texas Court of Criminal Appeals acknowledged the general rule that counsel must object at trial to preserve error for appellate review. *Id.* at 131. However, the court also noted that Texas Rule of Evidence 103(d) permits appellate courts to "tak[e] notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." *Id.; see* TEX.R. EVID. 103(d). The *Blue* court held that "comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection." *Blue,* 41 S.W.3d at 132.

The *Blue* court described fundamental error in terms of the fundamental rights sought to be protected:

> Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system. A principle [sic] characteristic of these rights is that they cannot be forfeited. That is to say, they are not extinguished by inaction alone. Instead, if a defendant wants to relinquish one or more of them, he must do so expressly.

*Id.* at 131 (quoting *Marin v. State,* 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993), *overruled on other grounds, Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997)). Although the lead opinion described the fundamental right at issue in *Blue* as a defendant's presumption of innocence, a concurring opinion described the fundamental right at issue as the right to an impartial trial judge. *Compare id.* at 132 *with id.* at 138–39 (Keasler, J., concurring). The latter characterization matches appellant's claim in this case.

 Due process requires a neutral and detached judicial officer. *Salinas v. State,* 9 S.W.3d 338, 340 (Tex.App.-San Antonio 1999, no pet.). "A court's *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process...." *McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983) (emphasis added). Additionally, a court denies a defendant due process when it refuses to consider the evidence or when it imposes a predetermined punishment. *Howard v. State,* 830 S.W.2d 785, 787 (Tex. App.-San Antonio 1992, pet. ref'd). In the absence of a clear showing to the contrary, a reviewing court will presume that the trial court was neutral and detached. *See Steadman v. State,* 31 S.W.3d 738, 741–42 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

Although the trial court's comment referred to its general knowledge from other

---

pellant waived due process complaint by not objecting in trial court to "zero tolerance" probation as yielding a predetermined outcome and preventing impartial consideration of evidence and full range of punishment); *Rogers v. State,* 640 S.W.2d 248, 263–65 (Tex. Crim.App.1981) (opinion on State's second motion for rehearing) (holding that appellant waived due process complaint by not objecting in trial court to procedure used in proba-

tion revocation); *Eddie v. State,* 100 S.W.3d 437, 440–41(Tex.App.-Texarkana 2003, pet. filed) (holding that appellant waived due process claims of lack of notice of probation terms and non-receipt of opposing counsel's motion by failing to object at trial); *Washington v. State,* 71 S.W.3d 498, 499–500 (Tex. App.-Tyler 2002, no pet.) (holding that appellant waived claim of predetermination of sentence by failing to object at trial).

cases, the statement implicitly showed that the court had considered the evidence of appellant's sentencing hearing. The trial court particularly stated that it had "listened very carefully to the testimony of the witnesses." The court's statement reflects both consideration of the evidence and comparison of appellant's case to other cases. The trial court's statement that it was forced to assess the maximum based on juries' assessing the maximum in less heinous cases merely explained why the maximum punishment was appropriate in this case. The trial court's statements are not sufficient to rebut the presumption of a neutral and detached trial court. The statement shows neither that the trial court failed to consider the full range of punishment nor that the court based its assessment of punishment on verdicts from other cases. Likewise, the court's statement does not reveal a predetermined punishment. What the trial court's statement reflects is the court's attempt to assess a sentence proportionate to the seriousness of appellant's crime. Therefore, we conclude that the trial court's statement did not infringe on appellant's due process rights or constitute fundamental error.

Accordingly, we overrule issue one.

## Ineffective Assistance of Counsel

█ In issue two, appellant alternatively argues that he was denied effective assistance of counsel at the punishment stage because his counsel did not object to the trial court's statement discussed above and did not present mitigating character evidence.

█ The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct.

2052, 2064–69, 80 L.Ed.2d 674 (1984). *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Appellant must show both that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different, *i.e.*, sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 687–96, 104 S.Ct. at 2064–69. Effective assistance of counsel does not mean errorless counsel. *See Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim.App.1983). In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson*, 9 S.W.3d at 813.

█ It is the defendant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. A defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). An appellate court will not find ineffectiveness based on speculation. *Henderson v. State*, 29 S.W.3d 616, 624 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Gamble*, 916 S.W.2d at 93. Assertions of ineffective assistance of counsel must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App.2002).

█ Appellant argues that counsel failed to object to the trial court's assessment of the maximum punishment based on jury verdicts in other cases and that this failure to object was not strategic. During a hearing on appellant's motion for new trial, trial counsel gave the following explanations for his failure to object: [4]

4. The State argues that this Court should not consider the evidence from the new trial hear-

Appellate Counsel: Do you recall when [the trial court] pronounced sentence that he said that he was forced to assess the maximum sentence of 20 years because he had heard many jurors reach verdicts on cases, probably not as bad as this, where they had assessed the maximum punishment?

Trial Counsel: Even six years later those words are still burning in my ears. Yes.

Appellate Counsel: The record reflects you didn't object to the statement or—

Trial Counsel: I did not.

Appellate Counsel: Alright. And the record reflects you did not request that [the trial court] not assess the punishment or do anything to try to derail the train at that moment.

Trial Counsel: Not at that point.

Appellate Counsel: Could you think of a legal objection to make at that time?

Trial Counsel: At that point, I was so shocked I couldn't believe that he had said that.

. . .

Trial Counsel: My feeling was that, unfortunately, although the Judge may have said that, he had full discretion in terms of making the decision. And so, whether or not he said that, I felt like it was still his discretion to make that, whatever decision he made. And so, I didn't—I didn't object because I thought it was still within his discretion, whether or not he had heard other cases, which were not relevant to that particular case.

. . .

Appellate Counsel: And if you had known that [the trial court] was going to base his punishment on jury verdicts he had heard in other cases, and that he would feel bound by that, would you have recommended that [the trial court] assess punishment?

. . .

Trial Counsel: If I had known that [the trial court] was going to base his decision on what other juries had done in other cases that had nothing to do with the facts of this case, I would have—I would have made a different decision.

. . .

Appellate Counsel: Was your failure to object to [the trial court's] assessing the punishment once he made the statement strategic on your part, or was it the basis of you not being able to think of a proper objection?

Trial Counsel: Well, I don't think it was strategic.

The record contains conflicting evidence as to whether counsel's failure to object to the trial court's assessment of the maximum punishment based on jury verdicts in other cases was reasonable trial strategy. At one point, trial counsel admitted that his failure to object was not strategic, but he elsewhere stated that he did not object based on the trial court's having full discretion to make the sentencing decision. Assuming without deciding that the trial

---

ing because the motion was later overruled by operation of law. This argument fails because the motion was timely filed; the hearing was held within 75 days of the sentencing date (as that date was set by the Court of Criminal Appeals); and the motion was overruled by operation of law only after that point. The cases that the State cites are inap-

posite because they deal mainly with new trial hearings (or the receipt of motion-for-new-trial evidence) that were held *after* the motion was deemed overruled by operation of law (*i.e.,* more than 75 days after the motion's filing), by which point the trial court's plenary power had expired.

court's comment did constitute error and that counsel did act deficiently in failing to object to the trial court's assessment of punishment, this Court cannot find ineffective assistance of counsel without the demonstration of a reasonable probability that the result of the sentencing hearing would have been different if counsel had objected to the punishment, *i.e.*, without finding a reasonable probability that counsel's error undermined confidence in the sentence.

In this case, appellant alleges that "there is a reasonable probability that a fair and impartial judge who did not feel bound by jury verdicts in other cases would have assessed less than the maximum punishment of 20 years." Appellant states that he "need not show that counsel's deficient performance probably resulted in the 20–year sentence; he need only show a reasonable probability that counsel's errors undermine confidence in the sentence." As discussed in issue one, appellant has not overcome the strong presumption that the trial court was neutral. Appellant also fails to show that the outcome of the sentencing proceeding would have been different or that confidence in the outcome is undermined. In fact, there is ample evidence in the record to support the trial court's assessment of the maximum punishment. Appellant committed aggravated assault by shooting one person while a co-defendant shot another person during a purported cocaine transaction. Appellant had prior convictions for misdemeanor theft, unlawfully carrying a pistol, unlawfully carrying brass knuckles, and three Class C misdemeanors. He was charged with having committed a new offense of burglary during the pre-sentence investigation in this case. Under these circumstances, appellant has not met his burden to establish harm.

█ Appellant further argues that counsel failed to present character wit-

nesses in mitigation of punishment. Trial counsel presented the testimony of a pastoral counselor, who had counseled with appellant 36 times for two to three hours at a time, to show appellant's efforts to free himself from substance addiction. Counsel also presented the testimony of appellant and his father to beg for mercy from the trial court. The record of the motion-for-new-trial hearing contains the following testimony of trial counsel concerning character evidence:

> Trial Counsel: I thought that if we brought some witnesses in [who] would testify about the credibility of his character, that that might actually work against us. Because, clearly, he had prior problems with the law. He had picked up a new burglary while he was awaiting sentencing in this case, and so I thought if anything, it would be incredible as opposed to credible.
>
> . . .
>
> Appellate Counsel: And looking back at it, do you believe that you should have presented the character evidence prior to sentencing instead of after the sentencing?
>
> Trial Counsel: Well, we talked about it several times. And to tell you the truth, you asked me would it have made a difference, and my candid answer is possibly, but my feeling is, is that Chris committed another burglary while he was waiting for the PSI. And any of the witnesses that we would have brought in would have seemed incredible and not credible to the judge.

Counsel articulated several reasons supporting his decision not to present character witnesses in mitigation of punishment. Even if this decision were considered unreasonable and deficient, however, a finding of ineffective assistance of counsel

would still require a reasonable probability that the outcome of the sentencing hearing would have been different with character evidence or that confidence in the outcome was undermined by counsel's failure to introduce additional character evidence. The most that trial counsel could muster was a possibility of a different outcome in the face of a totality of testimony showing that he still believed that calling character witnesses would not have been effective. Appellant has not met his burden of establishing harm. Therefore, appellant has not established ineffective assistance of counsel.

Accordingly, we overrule issue two.

## Conclusion

We affirm the judgment of the trial court.