Opinion issued December 16, 2004







    



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00802-CR




ROY KENEDY CASTRO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 932335




MEMORANDUM OPINION
          Appellant, Roy Kenedy Castro, pleaded guilty to aggravated robbery


 and
elected to have a jury assess his punishment. The jury assessed his punishment at 24
years’ confinement. In two points of error, appellant contends that the trial court’s
comments during voir dire constituted a violation of his due process rights under both
the federal and Texas constitutions. We affirm. 
Background
          The complainant, Sergio Perdomo, was dropped off from work one night in
early December. While he was walking to his apartment, he saw appellant coming
towards him quickly, holding a gun at his side. Appellant pointed the gun at the
complainant and told the complainant to give him his money or he would kill him.
After the complainant gave appellant his money and jewelry, appellant ran away and
got into a car. A constable who was driving by directly after the robbery stopped
appellant’s car. After the constable noticed the complainant, and the complainant told
him what had happened, the complainant identified appellant as the robber. 
Appellant was arrested and charged with aggravated robbery.     
Discussion
          In his first and second points of error, appellant argues that he was denied a fair
and impartial sentencing hearing because the trial court’s comments imparted to the
jury the court’s bias against granting him probation and, therefore, violated his due
process rights. 
          Appellant’s argument is based on two comments made by the trial court during
voir dire. The first comment was in response to a question by a venire person asking
if the judge was permitted to give probation. The judge replied, “I could do a form
of probation if I thought it was appropriate in this case.” Appellant argues that,
because the judge did not preface this statement with an indication that she was not
aware of the facts of the case, the jury could assume that not only did she know the
facts, but that she had considered and rejected probation as an appropriate punishment
for appellant. He argues this statement was so devastating that, even if he had heard
the statement and objected, no instruction could have cured the error. 
          Appellant next complains that the trial judge offered “examples” of when
probation would be “absolutely the right thing to do” and when it would not. He
argues that, by using the word “examples,” instead of “hypotheticals,” the trial court
did not properly illustrate the minimum and maximum punishments that might be
appropriate in his case. He argues that use of the word “examples” implied that the
judge was referring to cases that had actually been tried in her court. Appellant
contends the phrase “absolutely the right thing to do,” coupled with an “example” of
a much less serious crime than the one to which he pleaded guilty, improperly
influenced the jury. Appellant acknowledges that the trial court told the jury that the
“examples” were “not to suggest to you what I think the punishment should be in
either one of these [examples].” 
          Appellant admits that he did not object when these statements were made. He
acknowledges the general rule that a contemporaneous objection is usually required
to preserve error. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex.
Crim. App. 2000) (plurality op.); Jaenicke v. State, 109 S.W.3d 793, 795 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). Failure to preserve error generally
waives the error. Hull v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002); 
Muniz v. State, 851 S.W.2d 238, 255 (Tex. Crim. App. 1993). Appellant argues,
however, that the trial court’s comments fall into a very narrow exception of the
contemporaneous-objection rule. Appellant, relying in part on Blue v. State, contends
the statements were fundamental error and, therefore, did not require an objection. 
See Blue, 41 S.W.3d at 131. 
          In Blue, the trial court told a venire panel that the State and the defendant had
been negotiating a possible plea bargain. Blue, 41 S.W.3d at 130. The trial court said
that the defendant would not decide how to plead, resulting in a delay of the trial; that
he wanted the defendant to plead guilty in order to save time, and that he felt obliged
to apologize for the defendant’s delay. Id. A plurality of the Court of Criminal
Appeals stated that, “pursuant to Texas Rule of Evidence 103(d), we are authorized
to ‘tak[e] notice of fundamental errors affecting substantial rights although they were
not brought to the attention of the court.’” Id. (quoting Tex. R. Evid. 103(d))
(Johnson, J., joined by Mansfield, Price, and Holland, JJ.). 
 
The plurality explained that 
[s]ome rights are widely considered so fundamental to the proper
functioning of our adjudicatory process as to enjoy special protection in
the system. A principle characteristic of these rights is that they cannot
be forfeited. That is to say, they are not extinguished by inaction alone. 
Instead, if a defendant wants to relinquish one or more of them, he must
do so expressly. 

 Id. The plurality held that the trial judge’s statements “which tainted [the
defendant’s] presumption of innocence in front of the venire, were fundamental error
of constitutional dimension and required no objection.” Id. at 132.
          In most other cases the courts have concluded that the trial court’s statements
did not rise to the level of fundamental error. In Jasper v. State, 61 S.W.3d 413 (Tex.
Crim. App. 2001), for example, the trial court had interjected during the testimony of
a witness to correct a misstatement about previously admitted testimony. Jasper, 61
S.W.3d at 420. The trial court had also made a comment in front of the jury that
could be construed as showing the court’s irritation at defense counsel. Id. at 420-21. 
The Court of Criminal Appeals held that, even if it was bound to follow the plurality
opinion in Blue, neither of the comments contained the elements that would prejudice
the jury like those in Blue. Id. at 421. The same is true in this case.
          Here, as in Jasper, we find that the comments appellant complains about do not
rise to the same level that required a new trial in Blue. See Blue, 41 S.W.3d at 132;
Jasper, 61 S.W.3d at 420. Indeed, the comments to which appellant objects were
taken out of context. 
          The record reveals that, when the trial court stated, “I could do a form of
probation if I thought it was appropriate in this case,” the court was explaining the
range of punishment for the offense of aggravated robbery:
Trial Court: Now, aggravated robbery is a first degree felony in Texas. 
The range of punishment means it’s a minimum of [five] years in prison,
all the way up to 99 years or life in prison, and a fine of $10,000 may be
assessed. Probation is an option in this case. And this is the way it
works. If the jury determines that the appropriate punishment is
somewhere between five years, which is the minimum, and ten years in
prison, they may, in their discretion, recommend to the Court that the
sentence be probated or it’s called community supervision be imposed. 
It’s very important that you understand that I do not have any discretion
in this matter. The Defendant has elected for the jury to assess his
punishment, and that will be totally your job. . .
 
Prospective Juror: Are the guidelines exactly the same to the jury as
they would be to the judge?
 
Trial Court: Exactly—well, I don’t want to mislead you. Basically
exactly, but the Court actually has no authority to grant probation on
aggravated robbery cases. The legislature has not given the Court
authority. But I could assess what’s called deferred adjudication, which
is a little bit different kind of probation in that if you serve it out
completely and successfully, you don’t have a final felony conviction. 
So, it’s kind of a technicality. I could do a form of probation if I
thought it was appropriate in this case. That would—if a person
successfully did it, would not have a final felony conviction. By
pleading guilty to a jury and if a jury gives someone probation, they
will have a final felony conviction; but the jury has the option if they
choose to do so to probate it. So does that explain it?
(Emphasis added).
          The trial court properly explained the law to the venire. The Code of Criminal
Procedure mandates that the court may not place a defendant on probation who was
found guilty of aggravated robbery. Tex. Code Crim. Proc. Ann. art. 42.12
§3g(a)(1)(F) (Vernon Supp. 2004-2005). In the best interest of society and the
defendant, a court may, however, defer entering a finding of guilt and place a
defendant on community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 §5
(Vernon Supp. 2004-2005). The trial court’s statement to the jury panel was an
accurate interpretation of the law and was neither biased nor egregious. 
          Similarly, we disagree with appellant’s contention that the “examples” of
possible sentences given by the judge to illustrate the range of punishment violated
his due process rights because they were designed to benefit the State and harm him
by arguing for a long sentence. A trial court should not make a comment that
conveys to the jury the court’s opinion of the case before it. Tex. Code Crim. Proc.
Ann. art. 38.05(Vernon 2003).


 However, the court has the right to try to qualify the
venire panel and to determine whether it would be able to follow the law and consider
the entire range of punishment. Gardner v. State, 733 S.W.2d 195, 210 (Tex. Crim.
App. 1987). It is permissible to use a hypothetical situation to explain the application
of the law, but improper to ask how the potential jurors would respond to the
particular circumstances presented in the hypothetical. Heiselbetz v. State, 906
S.W.2d 500, 511 (Tex. Crim. App. 1995). The court abuses its discretion only when
its comments are reasonably calculated to benefit the State or prejudice the defendant.
Ford v. State, 14 S.W.3d 382, 393 (Tex. App.—Houston [14th Dist.] 2000, no pet.)
(citing Gardner, 733 S.W.2d at 210). 
          Here, the judge stated,
Trial Court: They’ve given us a lot of discretion, and it’s good. It
allows you to have the tools to do what’s right. Because sometimes it’s
going to be that there are aggravated robbery cases where five years
probation is absolutely the right thing to do, and there are going to be
the aggravated robbery cases where a life sentence is absolutely the right
thing to do.
I’m going to throw out a couple of examples to you, just to get
you thinking why that’s true. That’s not to suggest to you what I
think the punishment should be in either one of these cases. It’s just
to illustrate to you how things could differ in both the aggravated
robberies. Let’s say we had a woman— and I’m not being sexist by
making this a woman. Let’s say we had a woman who had four or five
children. She’s out of diapers. She’s out of formula. The man has left
her. She has nothing. She gets a little broken gun that her husband left
behind. It’s unloaded. It’s rusty. She knows it doesn’t work. She goes
in a 7-Eleven and she steals only diapers and formula, and she leaves. 
She turns herself in the next day. She’s remorseful. She’s never been
in trouble before. You way [sic] want to give a lady like that five years’
probation. I doubt very seriously you would want to send her to prison
once you’ve heard it all. Some of you might want to, but generally
speaking.
Let’s take another situation where a person goes to a crowded
Kroger store at 5:30 in the afternoon when everybody is trying to get
those last-minute things; and they got their kids, dragging them along. 
Somebody comes in with a loaded shotgun. They grab the first five-year
old they see. He’s terror stricken, screaming. They throw him down and
put the shotgun to his head, fire the weapon right next to his head,
doesn’t kill him— that would be capital murder— terrorizes everybody
in the store, makes everybody lie down, takes their money and leaves. 
You may want to give that guy a life sentence. Some of you may not
want to. Some may think that’s too light. Some may think that’s way
too harsh. But just an example, to make sure you understand that
there can be all kinds of defendants with all kinds of way that they
commit crimes; and that’s why we have the great range of
punishment. Okay? Everybody understand? 

(Emphasis added). The trial court clearly told the venire that the examples did not
reflect her opinion; nor did they; and she did not seek to commit the jury to a
particular punishment in the case. 
          We find that the trial court did not display a bias to the jury and did not prevent
a fair and impartial sentencing hearing. Thus the trial court’s comments did not
infringe on appellant’s due process rights. We hold that the statements did not
constitute fundamental error.
          We overrule appellant’s first and second points of error.
          We affirm the trial court’s judgment. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).