# NOS. 12-10-00371-CR
# 12-10-00372-CR
# 12-10-00373-CR
# 12-10-00379-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GAYLON HAROLD RAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gaylon Harold Ray appeals his convictions for forgery, two theft offenses, and tampering with a government record. In two issues, Appellant contends that the trial court denied him due process and due course of law by failing to consider the full range of punishment and improperly assessing what the court believed a jury would assess as punishment. We affirm.

### BACKGROUND

Appellant was charged by separate indictments in four cause numbers with forgery, two theft offenses, and tampering with a government record. All of the offenses were state jail felonies. Each indictment included an enhancement paragraph alleging two prior felony convictions, elevating the punishment range for the charged offense to that of a second degree felony.[1]

Appellant entered an open plea of guilty to each of the four offenses and a plea of true to

---

[1] *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon 2011).

the enhancement paragraphs. The trial court found Appellant guilty of all four offenses and the enhancement paragraphs in three offenses to be true. For the forgery offense, the stipulation page presented to the trial court at the punishment hearing did not contain evidence to support the enhancement paragraph. Accordingly, for this offense, the trial court sentenced Appellant to imprisonment for two years. For each of the three remaining offenses, the trial court sentenced Appellant to imprisonment for twenty years. These appeals followed.

**PUNISHMENT**

In his first issue, Appellant argues that the trial court did not consider the full range of punishment, denying him due process and due course of law. In his second issue, Appellant argues that the trial court improperly assessed what the court believed a jury would assess as punishment, denying him due process and due course of law. Because these two issues are interrelated, we address them together.

**Applicable Law**

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV; *see also* TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."). Due process requires the trial court to conduct itself in a neutral and detached manner. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam); *see also Brumit*, 206 S.W.3d at 645. Additionally, a trial court that refuses to consider the evidence or imposes a predetermined punishment denies a defendant due process. *Howard v. State*, 830 S.W.2d 785, 787 (Tex. App.–San Antonio 1992, pet ref'd). However, absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645 (bias not shown when trial court hears extensive evidence before assessing punishment, record contains explicit evidence that trial court considered full range of punishment, and trial court made no comments indicating consideration of less than full range of punishment).

The Houston First Court of Appeals found no due process violation where a trial court

2

stated that it was forced to assess the maximum because juries had assessed the maximum in less heinous cases.[2]  *Jaenicke v. State*, 109 S.W. 3d 793, 797 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd).  Specifically, the court concluded that this statement was not sufficient to rebut the presumption of a neutral and detached trial court.  *Id*.  The court reasoned that this statement implicitly showed the trial court considered the evidence and compared the appellant's case to other cases.  *Id*.  Thus, by making this statement, the trial court merely explained why the maximum punishment was appropriate and attempted to assess a sentence proportionate to the seriousness of the appellant's crime.  *Id*.  The court further noted that the trial court listened to witnesses and that the statement did not show the trial court failed to consider the full range of punishment or imposed a predetermined punishment.  *Id*.

## Appellant's Argument

Appellant calls our attention to the following statements made by the trial court during the punishment hearing:

> . . .  Mr. Ray, your lawyer's heard this, the State's lawyer's heard it, because I'm convinced it's the proper way for the courts to evaluate what they do whenever they're asked to be the sentencing entity in Texas for criminal cases. And I always try to evaluate the case based upon what I would do if I were a jury and sitting over there in that jury box, making the same decision I'm required to do whenever the defendant elects to have the Court handle punishment. And I have no doubt what my decision would be over there. And I have no doubt what I think the other 11 citizens of Smith County would think about an individual that comes before them that either pleads guilty or is found guilty of offenses that are before me today with your history. . . .

> . . . Both the State and your witness and your lawyer have argued that I should send you to some type of substance treatment program, which, I will make an affirmative finding in the judgment. That's about all the trial courts get to do. And we will hope that with your history, the penitentiary will think it's beneficial to put you in some type of drug treatment program. But whether they do or they don't, at some point, I agree with your lawyer, you'll be released. And you'll be back out on the street. . . .

> . . . But, ultimately, it's going to be Mr. Ray making the decision whether he wants to go back and do these things again. Because I'm going to give you the max. Because I think that's what a Smith County jury would do.

Based on these statements, Appellant argues that the trial court did not consider the full range of punishment in assessing Appellant's sentences.   Specifically, Appellant contends that he could not have received deferred adjudication from a jury.   Therefore, he asserts that the trial

---

[2] The statement at issue in *Jaenicke* is as follows: "I have heard many jurors reach verdicts on cases probably not as bad as this where they assessed the maximum punishment.   Therefore, I am forced to assess the maximum punishment in this case."  *Jaenicke v. State*, 109 S.W. 3d 793, 795 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd).

court's reference to what a "Smith County jury would do" indicates the court did not consider this option in sentencing Appellant. Appellant also directs our attention to the trial court's statement that an affirmative finding on "some type of substance treatment" was "about all the trial court gets to do." He contends this shows the trial court "forgot" that deferred adjudication allows treatment, outpatient or inpatient, or through the Substance Abuse Felony Facilities.

**Analysis**

At the plea stage of the punishment hearing, the trial court informed Appellant that (1) "the range of punishment for a second-degree felony is between 2 and 20 years in the penitentiary and up to a $10,000 fine" and that (2) the court would "hear additional evidence and decide where in that range of punishment your punishment should be." Appellant confirmed that he understood each statement. The court also stated that it "received that presentence report and had a chance to review it." Both Appellant and his mother testified regarding Appellant's addiction to drugs and alcohol. During Appellant's testimony, the trial court heard about his extensive criminal history spanning thirty years. The State showed that Appellant had eleven felony arrests resulting in eleven different convictions, fourteen misdemeanor arrests resulting in nine different convictions, and "numerous instances" where his probation was revoked. Also, Appellant's attorney argued that some of Appellant's prior offenses were the result of substance abuse issues and that "almost half of his arrests were for driving while intoxicated or some kind of drug or alcohol connection." His attorney also argued that "whatever he gets in TDC he's probably going to serve probably well over a quarter, if not half of. And, Judge, we think a 10-year sentence would give him 2 to 3 to 4 years down there. And, hopefully, he will come out and he will be able to control himself and he won't be back in the system."

The trial court also acknowledged that it had read the letters from Appellant's mother, brother, daughter, and one other individual. The trial court made the complained of statements after hearing the evidence and arguments of counsel. At that point, the court was already aware that Appellant's sentences for the four convictions at issue would run concurrently, that Appellant had a criminal history that spanned thirty years, a history of drug use, and several failed probations. It was not until after the statement at issue that the court sentenced Appellant.

To prevail on his first and second issues, Appellant must show clear bias to rebut the presumption that the trial court's actions were correct. *See Brumit*, 206 S.W.3d at 645 (holding judge's comments that earlier case made him think anybody who ever harmed a child should be

4

put to death did not reflect bias, partiality, or failure to consider full range of punishment). In the instant case, the trial court's statement is insufficient to rebut the presumption of a neutral and detached trial court. *See Jaenicke*, 109 S.W.3d at 797. Prior to assessing punishment, the trial court explicitly informed Appellant that his sentence would be within the range of punishment for his offense, and then heard two witnesses, read four letters, and considered the evidence. The statements at issue, although superfluous, show the trial court (1) considered the evidence, (2) attempted to assess a sentence proportionate to the seriousness of Appellant's crime, and (3) by referring to what a jury would do, merely explained why the maximum punishment was appropriate in this case. *See id*.

The trial court made no statements that indicated bias or that showed the trial court failed to consider the full range of punishment or imposed a predetermined punishment. *See id*. In referring to what a "Smith County jury would do," the court did not address whether a jury could assess deferred adjudication. After considering the entire record, we decline to hold that this statement supports as inference that the trial court considered only imprisonment as punishment for Appellant. Therefore, we conclude Appellant was not denied due process and due course of law. Accordingly, we overrule Appellant's first and second issues.[3]

## DISPOSITION

Having overruled Appellant's two issues, the judgment of the trial court is *affirmed*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] The State contends that Appellant failed to properly preserve error by making a timely objection to the trial court. Appellant argues that failure to consider the entire range of punishment is structural error and therefore no contemporaneous objection was necessary. We need not decide whether an objection in the trial court was required to preserve this type of error on appeal because the record in this case does not reflect bias, partiality, or that the trial judge did not consider the full range of punishment. *See Brumit*, 206 S.W. 3d at 644-45 (declining to reach the preservation issue because, in addressing the merits, the court held that record did not reflect partiality of trial court).