NOS.
12-10-00371-CR

     
12-10-00372-CR

     
12-10-00373-CR

     
12-10-00379-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

GAYLON
HAROLD RAY,                                §                 APPEAL FROM THE
7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Gaylon Harold Ray appeals his
convictions for forgery, two theft offenses, and tampering with a government
record.  In two issues, Appellant contends that the trial court denied him due
process and due course of law by failing to consider the full range of
punishment and improperly assessing what the court believed a jury would assess
as punishment.  We affirm.

 

Background

Appellant
was charged by separate indictments in four cause numbers with forgery, two
theft offenses, and tampering with a government record.  All of the offenses
were state jail felonies.  Each indictment included an enhancement paragraph
alleging two prior felony convictions, elevating the punishment range for the
charged offense to that of a second degree felony.[1]


            Appellant
entered an open plea of guilty to each of the four offenses and a plea of true
to the enhancement paragraphs.  The trial court found Appellant guilty of all
four offenses and the enhancement paragraphs in three offenses to be true. For
the forgery offense, the stipulation page presented to the trial court at the
punishment hearing did not contain evidence to support the enhancement
paragraph.  Accordingly, for this offense, the trial court sentenced Appellant
to imprisonment for two years.  For each of the three remaining offenses, the
trial court sentenced Appellant to imprisonment for twenty years.  These
appeals followed.

 

Punishment

            In
his first issue, Appellant argues that the trial court did not consider the
full range of punishment, denying him due process and due course of law.  In
his second issue, Appellant argues that the trial court improperly assessed
what the court believed a jury would assess as punishment, denying him due
process and due course of law.  Because these two issues are interrelated, we
address them together.

Applicable
Law

            The
Fourteenth Amendment provides that the state may not “deprive any person of
life, liberty, or property, without due process of law.”  U.S. Const. amend. XIV; see also
Tex. Const. art. I, § 19 (“No
citizen of this State shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disfranchised, except by the due course of the
law of the land.”).  Due process requires the trial court to conduct itself in
a neutral and detached manner.  Gagnon v. Scarpelli, 411 U.S.
778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); Brumit v. State,
206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  “[A] trial court’s arbitrary
refusal to consider the entire range of punishment in a particular case
violates due process.”  Ex parte Brown, 158 S.W.3d 449, 456 (Tex.
Crim. App. 2005) (per curiam); see also Brumit, 206 S.W.3d
at 645.  Additionally, a trial court that refuses to consider the evidence or
imposes a predetermined punishment denies a defendant due process.  Howard
v. State, 830 S.W.2d 785, 787 (Tex. App.–San Antonio 1992, pet ref’d).  However,
absent a clear showing of bias, we presume the trial court’s actions were
correct.  Brumit, 206 S.W.3d at 645 (bias not shown when trial
court hears extensive evidence before assessing punishment, record contains
explicit evidence that trial court considered full range of punishment, and
trial court made no comments indicating consideration of less than full range
of punishment).

            The
Houston First Court of Appeals found no due process violation where a trial
court stated that it was forced to assess the maximum because juries had
assessed the maximum in less heinous cases.[2]  Jaenicke v. State,
109 S.W. 3d 793, 797 (Tex. App.–Houston [1st Dist.] 2003, pet. ref’d).  Specifically,
the court concluded that this statement was not sufficient to rebut the
presumption of a neutral and detached trial court.  Id.  The
court reasoned that this statement implicitly showed the trial court considered
the evidence and compared the appellant’s case to other cases.  Id.
 Thus, by making this statement, the trial court merely explained why the
maximum punishment was appropriate and attempted to assess a sentence
proportionate to the seriousness of the appellant’s crime.  Id.  The
court further noted that the trial court listened to witnesses and that the
statement did not show the trial court failed to consider the full range of
punishment or imposed a predetermined punishment.  Id.

Appellant’s
Argument

            Appellant
calls our attention to the following statements made by the trial court during
the punishment hearing:

 

. . .  Mr. Ray,
your lawyer’s heard this, the State’s lawyer’s heard it, because I’m convinced
it’s the proper way for the courts to evaluate what they do whenever they’re
asked to be the sentencing entity in Texas for criminal cases. And I always try
to evaluate the case based upon what I would do if I were a jury and sitting
over there in that jury box, making the same decision I’m required to do
whenever the defendant elects to have the Court handle punishment. And I have
no doubt what my decision would be over there. And I have no doubt what I think
the other 11 citizens of Smith County would think about an individual that
comes before them that either pleads guilty or is found guilty of offenses that
are before me today with your history. . . .

 

. . . Both the
State and your witness and your lawyer have argued that I should send you to
some type of substance treatment program, which, I will make an affirmative
finding in the judgment. That’s about all the trial courts get to do. And we
will hope that with your history, the penitentiary will think it’s beneficial
to put you in some type of drug treatment program. But whether they do or they
don’t, at some point, I agree with your lawyer, you’ll be released. And you’ll
be back out on the street. . . .

 

. . . But,
ultimately, it’s going to be Mr. Ray making the decision whether he wants to go
back and do these things again. Because I’m going to give you the max. Because
I think that’s what a Smith County jury would do.

 

            Based
on these statements, Appellant argues that the trial court did not consider the
full range of punishment in assessing Appellant’s sentences.  Specifically,
Appellant contends that he could not have received deferred adjudication from a
jury.  Therefore, he asserts that the trial court’s reference to what a “Smith
County jury would do” indicates the court did not consider this option in
sentencing Appellant.  Appellant also directs our attention to the trial
court’s statement that an affirmative finding on “some type of substance
treatment” was “about all the trial court gets to do.”  He contends this shows
the trial court “forgot” that deferred adjudication allows treatment,
outpatient or inpatient, or through the Substance Abuse Felony Facilities.  

Analysis

            At
the plea stage of the punishment hearing, the trial court informed Appellant that
(1) “the range of punishment for a second-degree felony is between 2 and 20
years in the penitentiary and up to a $10,000 fine” and that (2) the court
would “hear additional evidence and decide where in that range of punishment
your punishment should be.” Appellant confirmed that he understood each
statement.  The court also stated that it “received that presentence report and
had a chance to review it.”  Both Appellant and his mother testified regarding
Appellant’s addiction to drugs and alcohol.  During Appellant’s testimony, the
trial court heard about his extensive criminal history spanning thirty years. 
The State showed that Appellant had eleven felony arrests resulting in eleven
different convictions, fourteen misdemeanor arrests resulting in nine different
convictions, and “numerous instances” where his probation was revoked.  Also, Appellant’s
attorney argued that some of Appellant’s prior offenses were the result of
substance abuse issues and that “almost half of his arrests were for driving
while intoxicated or some kind of drug or alcohol connection.”  His attorney
also argued that “whatever he gets in TDC he’s probably going to serve probably
well over a quarter, if not half of.  And, Judge, we think a 10-year sentence
would give him 2 to 3 to 4 years down there.  And, hopefully, he will come out
and he will be able to control himself and he won’t be back in the system.” 

            The
trial court also acknowledged that it had read the letters from Appellant’s
mother, brother, daughter, and one other individual.  The trial court made the
complained of statements after hearing the evidence and arguments of counsel.  At
that point, the court was already aware that Appellant’s sentences for the four
convictions at issue would run concurrently, that Appellant had a criminal
history that spanned thirty years, a history of drug use, and several failed
probations.  It was not until after the statement at issue that the court sentenced
Appellant. 

            To
prevail on his first and second issues, Appellant must show clear bias to rebut
the presumption that the trial court’s actions were correct.  See Brumit,
206 S.W.3d at 645 (holding judge’s comments that earlier case made him think
anybody who ever harmed a child should be put to death did not reflect bias,
partiality, or failure to consider full range of punishment).  In the instant
case, the trial court’s statement is insufficient to rebut the presumption of a
neutral and detached trial court.  See Jaenicke, 109
S.W.3d at 797.  Prior to assessing punishment, the trial court explicitly
informed Appellant that his sentence would be within the range of punishment
for his offense, and then heard two witnesses, read four letters, and
considered the evidence.  The statements at issue, although superfluous, show
the trial court (1) considered the evidence, (2) attempted to assess a sentence
proportionate to the seriousness of Appellant’s crime, and (3) by referring to
what a jury would do, merely explained why the maximum punishment was
appropriate in this case.  See id.  

            The
trial court made no statements that indicated bias or that showed the trial
court failed to consider the full range of punishment or imposed a
predetermined punishment.  See id.  In referring to what a
“Smith County jury would do,” the court did not address whether a jury could
assess deferred adjudication.  After considering the entire record, we decline
to hold that this statement supports as inference that the trial court
considered only imprisonment as punishment for Appellant.  Therefore, we conclude
Appellant was not denied due process and due course of law.  Accordingly, we
overrule Appellant’s first and second issues.[3]

 

Disposition

                        Having overruled Appellant’s two
issues, the judgment of the trial court is affirmed.

 

James T.
Worthen

                                                                              
                Chief Justice

 

 

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                [1] See Tex. Penal Code Ann. § 12.42(a)(2)
(Vernon 2011). 





                        [2] The statement at
issue in Jaenicke is as follows: “I have heard many jurors reach
verdicts on cases probably not as bad as this where they assessed the maximum
punishment.  Therefore, I am forced to assess the maximum punishment in this
case.”  Jaenicke v. State, 109 S.W. 3d 793, 795 (Tex. App.–Houston
[1st Dist.] 2003, pet. ref’d).





                [3] The
State contends that Appellant failed to properly preserve error by making a
timely objection to the trial court.  Appellant argues that failure to consider
the entire range of punishment is structural error and therefore no
contemporaneous objection was necessary.  We need not decide whether an
objection in the trial court was required to preserve this type of error on
appeal because the record in this case does not reflect bias, partiality, or
that the trial judge did not consider the full range of punishment.  See
Brumit, 206 S.W. 3d at 644-45 (declining to reach the
preservation issue because, in addressing the merits, the court held that
record did not reflect partiality of trial court).