NO.
12-10-00171-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ERIC
BIRCHER,                                               §                 APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Eric
Bircher appeals his conviction for evading arrest, for which he was sentenced
to imprisonment for ten years.  In two issues, Appellant argues that the trial
court erred in failing to consider the full range of punishment.  We affirm.

 

Background

            Appellant
was charged by indictment with evading arrest and pleaded “guilty.”  The
indictment further alleged that Appellant had been previously convicted of a
felony.  At the trial on punishment, Appellant pleaded “true” to the
enhancement allegation in the indictment.  Thereafter, Appellant’s mother
testified on his behalf.  Following the argument of counsel, the trial court
found Appellant “guilty” as charged and found the enhancement allegation to be
“true.”   Before sentencing Appellant, the trial judge explained that he would
assess Appellant’s punishment based upon his belief of what a Smith County jury
would do.  Ultimately, the trial court sentenced Appellant to imprisonment for
ten years.  This appeal followed.

 

Failure
to Consider the Full Range of Punishment

In
his first issue, Appellant argues that the trial court did not consider the
full range of punishment, thereby denying Appellant due process and due course
of law.  In his second issue, Appellant contends that the trial court
improperly assessed what the court believed a Smith County jury would assess as
punishment denying Appellant due process and due course of law.  Because these
two issues are interrelated, we address them together.      

The
Fourteenth Amendment provides that the state may not “deprive any person of
life, liberty, or property, without due process of law.”  U.S. Const. amend. XIV; see also
Tex. Const. art. I, § 19.  Due
process requires that the trial court conduct itself in a neutral and detached
manner.  Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756,
1762, 36 L. Ed. 2d 656 (1973); Brumit v. State, 206 S.W.3d 639,
645 (Tex. Crim. App. 2006); Jaenicke v. State, 109 S.W.3d 793,
796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref’d).  “[A] trial court’s
arbitrary refusal to consider the entire range of punishment in a particular
case violates due process.”  Ex parte Brown, 158 S.W.3d 449, 456
(Tex. Crim. App. 2005); see also Brumit, 206 S.W.3d at
645.  However, absent a clear showing of bias, we presume the trial court's
actions were correct.  Brumit, 206 S.W.3d at 645.  Bias is not
shown when (1) the trial court hears extensive evidence before assessing
punishment, (2) the record contains explicit evidence that the trial court
considered the full range of punishment, and (3) the trial court made no
comments indicating consideration of less than the full range of punishment.  See
id.  

In
the case at hand, prior to assessing Appellant’s punishment, the trial court
stated, in pertinent part, as follows:

 

Mr.
Bircher, the lawyers have heard this before, because I always try to cover it
fairly early on.  I always try to assess sentencing, when I’m asked to do them,
as if I were sitting on a jury over there and they were hearing the evidence
and making a determination.  Frankly, because I think that a defendant
shouldn’t be punished more harshly by a judge that sees these day in and day
out, versus what the jury would see when they occasionally hear [them].

 

On
the other hand, I don’t think a defendant should be punished less or sentenced
less just because the judge sees them day in and day out.  I always try to do
what I think a Smith County jury would do.  And, frankly, I think they would be
compassionate to some of your history, the loss of a child in a car wreck and
someone being attacked to the point of having the injuries, apparently, you’ve had.

 

On
the other hand, they‘d also be watching your criminal history and the dates and
the particular event that brought them here and brought you here today.  And
your history goes back for 20 years, a lot of it before these events that are
being used to seek that compassion from the sentence, whether it’s the jury or
not. 

 

You’ve
been given time after time after time opportunities and, for whatever reason,
even prior to having the injuries, you just didn’t make very good use of them. 
Not often that the Court sees a criminal history with four felony arrests, 17
misdemeanor arrests, one felony conviction, 22 misdemeanor convictions, several
revocations.

 

You
were tried on probation on quite a number of your prior cases, all of which - -
may have missed it, but I didn’t find a single probation that you were on that
you were successful on.  Instead, you failed on every single one.  This, per my
count, is your sixth evading arrest charge and conviction.

 

Good
number - - I guess all of those prior to this one occurred prior to your attack
of February 8th.  Numerous driving with license suspended, numerous assaults,
thefts, driving while intoxicated.  The list goes on and on.  Really, I think
it shows to the Court, and I think it would show to a jury, that even prior to
having the attack in 2008, you didn’t have much interest in abiding by the
law.  And I don’t think they would think that any of that history would deserve
much leniency from the Court or from a jury.

 

 

            Based
on these statements, Appellant argues that the trial court did not consider the
full range of punishment in assessing Appellant’s sentence.  Specifically,
Appellant contends that he could not have received deferred adjudication or
regular community supervision from a jury. Therefore, he contends that the
trial court’s reference to its doing what a “Smith County jury would do”
indicates that the court did not consider those options in assessing
Appellant’s punishment.  We disagree.[1]

            At
the punishment hearing, the trial court asked Appellant if he recalled being
told that (1) “the range of punishment was between 2 years and 20 years in the
penitentiary and up to a $10,000 fine” and (2) that was “the range the Court
has to consider[.]”  Appellant answered in the affirmative.  The court also
indicated that it had received a copy of the presentence investigation report
and took judicial notice of it.  Thereafter, Appellant called as a witness his
mother, who testified concerning the medical problems Appellant suffered as a
result of having been the victim of an assault.  Appellant’s mother further
testified concerning his family, social, and criminal history.  Later,
Appellant’s attorney argued to the court that Appellant’s prior offenses as
well as the offense at issue were the result of Appellant’s traumatic
experiences.

            The
trial court made the complained of statements after hearing the evidence and
arguments of counsel.  Thereafter, the trial court sentenced Appellant, stating
as follows:

 

                The
Court assesses punishment - - I’m not going to assess the full punishment that
[the] State’s argued for.  I think arguing for 20 years is reasonable under a
criminal history of three pages with this multitude of various convictions. 
But at the same time, I think a jury would have given some consideration to the
other issues, the mitigating-type of issues.  I don’t find anything that should
give a huge discount.

 

                The
Court’s going to find that a reasonable sentence would be 10 years’ [sic]
confinement in the penitentiary, which the Court assesses . . . .

 

 

Throughout
its protracted pronouncement of sentence, the trial court made no statements
that indicated bias or a refusal to consider the full range of punishment.  In
referring to what a “Smith County jury would do,” the court did not address
whether a jury could assess deferred adjudication or regular community
supervision.

            To
prevail on his first and second issues, Appellant must show clear bias
to rebut the presumption that the trial court’s actions were correct.  See
Brumit, 206 S.W.3d at 645 (holding judge’s comments that earlier
case made him think anybody who ever harmed a child should be put to death did
not reflect bias, partiality, or failure to consider full range of
punishment).  In the case at hand, the trial court considered extensive evidence
before assessing punishment and explicitly informed Appellant that his sentence
would be within the range of punishment for his offense.  Appellant has not
indicated in his brief any statement by the trial court, other than its
reference to “what a Smith County jury would do,” that, in Appellant’s view,
indicates a clear bias or failure to consider the full range of punishment. 
Having considered the entirety of the record, we decline to hold that this
reference, without more, supports an inference that the trial court considered
only confinement as punishment for Appellant.[2]  Therefore, we conclude
Appellant was not denied due process and due course of law.  Appellant’s first
and second issues are overruled.[3]

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                   James
T. Worthen

                                                                                        
Chief Justice

 

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(do not publish)




 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 

 









[1] It is unclear
to this court, despite the trial court’s explanation, why the trial court has
chosen to undertake this approach to assessing punishment.  There is no basis
for this methodology in the Texas Code of Criminal Procedure, which requires
little more than that the judge “announce his decision in open court as to the
punishment to be assessed.”  Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(d) (Vernon Supp. 2010).  The trial
court’s departure from the requirements of the Code of Criminal Procedure, well-intentioned
though it may be, is unnecessary and may serve to invite the conclusion that
the sentence imposed is not the considered opinion of the trial court judge.





[2] But
compare Tex. Code Crim. Proc. Ann.
art. 42.12 § 3(a) (Vernon Supp. 2010) with Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e) (Vernon Supp.
2010).





 

            [3] The State contends that Appellant
failed to properly preserve error by making a timely objection to the trial
court.  Appellant argues that failure to consider the entire range of punishment
is a structural error and need not be preserved by contemporaneous objection. 
We need not decide whether an objection in the trial court was required to
preserve this type of error on appeal because the record in this case does not
reflect bias or that the trial judge did not consider the full range of
punishment.  See Brumit v. State, 206 S.W. 3d 639, 644-45
(Tex. Crim. App. 2006) (declining to reach the preservation issue because,
addressing the merits, it found that the record did not reflect partiality of
the trial court).