# NO. 12-10-00171-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC BIRCHER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eric Bircher appeals his conviction for evading arrest, for which he was sentenced to imprisonment for ten years. In two issues, Appellant argues that the trial court erred in failing to consider the full range of punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with evading arrest and pleaded "guilty." The indictment further alleged that Appellant had been previously convicted of a felony. At the trial on punishment, Appellant pleaded "true" to the enhancement allegation in the indictment. Thereafter, Appellant's mother testified on his behalf. Following the argument of counsel, the trial court found Appellant "guilty" as charged and found the enhancement allegation to be "true." Before sentencing Appellant, the trial judge explained that he would assess Appellant's punishment based upon his belief of what a Smith County jury would do. Ultimately, the trial court sentenced Appellant to imprisonment for ten years. This appeal followed.

## FAILURE TO CONSIDER THE FULL RANGE OF PUNISHMENT

In his first issue, Appellant argues that the trial court did not consider the full range of

punishment, thereby denying Appellant due process and due course of law. In his second issue, Appellant contends that the trial court improperly assessed what the court believed a Smith County jury would assess as punishment denying Appellant due process and due course of law. Because these two issues are interrelated, we address them together.

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV; *see also* TEX. CONST. art. I, § 19. Due process requires that the trial court conduct itself in a neutral and detached manner. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); *see also Brumit*, 206 S.W.3d at 645. However, absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645. Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *See id*.

In the case at hand, prior to assessing Appellant's punishment, the trial court stated, in pertinent part, as follows:

> Mr. Bircher, the lawyers have heard this before, because I always try to cover it fairly early on. I always try to assess sentencing, when I'm asked to do them, as if I were sitting on a jury over there and they were hearing the evidence and making a determination. Frankly, because I think that a defendant shouldn't be punished more harshly by a judge that sees these day in and day out, versus what the jury would see when they occasionally hear [them].
>
> On the other hand, I don't think a defendant should be punished less or sentenced less just because the judge sees them day in and day out. I always try to do what I think a Smith County jury would do. And, frankly, I think they would be compassionate to some of your history, the loss of a child in a car wreck and someone being attacked to the point of having the injuries, apparently, you've had.
>
> On the other hand, they'd also be watching your criminal history and the dates and the particular event that brought them here and brought you here today. And your history goes back for 20 years, a lot of it before these events that are being used to seek that compassion from the sentence, whether it's the jury or not.
>
> You've been given time after time after time opportunities and, for whatever reason, even prior to having the injuries, you just didn't make very good use of them. Not often that the Court sees a criminal history with four felony arrests, 17 misdemeanor arrests, one felony conviction, 22

misdemeanor convictions, several revocations.

> You were tried on probation on quite a number of your prior cases, all of which - - may have missed it, but I didn't find a single probation that you were on that you were successful on. Instead, you failed on every single one. This, per my count, is your sixth evading arrest charge and conviction.

> Good number - - I guess all of those prior to this one occurred prior to your attack of February 8th. Numerous driving with license suspended, numerous assaults, thefts, driving while intoxicated. The list goes on and on. Really, I think it shows to the Court, and I think it would show to a jury, that even prior to having the attack in 2008, you didn't have much interest in abiding by the law. And I don't think they would think that any of that history would deserve much leniency from the Court or from a jury.

Based on these statements, Appellant argues that the trial court did not consider the full range of punishment in assessing Appellant's sentence. Specifically, Appellant contends that he could not have received deferred adjudication or regular community supervision from a jury. Therefore, he contends that the trial court's reference to its doing what a "Smith County jury would do" indicates that the court did not consider those options in assessing Appellant's punishment. We disagree.[1]

At the punishment hearing, the trial court asked Appellant if he recalled being told that (1) "the range of punishment was between 2 years and 20 years in the penitentiary and up to a $10,000 fine" and (2) that was "the range the Court has to consider[.]" Appellant answered in the affirmative. The court also indicated that it had received a copy of the presentence investigation report and took judicial notice of it. Thereafter, Appellant called as a witness his mother, who testified concerning the medical problems Appellant suffered as a result of having been the victim of an assault. Appellant's mother further testified concerning his family, social, and criminal history. Later, Appellant's attorney argued to the court that Appellant's prior offenses as well as the offense at issue were the result of Appellant's traumatic experiences.

The trial court made the complained of statements after hearing the evidence and arguments of counsel. Thereafter, the trial court sentenced Appellant, stating as follows:

> The Court assesses punishment - - I'm not going to assess the full punishment that [the] State's argued for. I think arguing for 20 years is reasonable under a criminal history of three pages

---

[1] It is unclear to this court, despite the trial court's explanation, why the trial court has chosen to undertake this approach to assessing punishment. There is no basis for this methodology in the Texas Code of Criminal Procedure, which requires little more than that the judge "announce his decision in open court as to the punishment to be assessed." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(d) (Vernon Supp. 2010). The trial court's departure from the requirements of the Code of Criminal Procedure, well-intentioned though it may be, is unnecessary and may serve to invite the conclusion that the sentence imposed is not the considered opinion of the trial court judge.

with this multitude of various convictions. But at the same time, I think a jury would have given some consideration to the other issues, the mitigating-type of issues. I don't find anything that should give a huge discount.

The Court's going to find that a reasonable sentence would be 10 years' [sic] confinement in the penitentiary, which the Court assesses . . . .

Throughout its protracted pronouncement of sentence, the trial court made no statements that indicated bias or a refusal to consider the full range of punishment. In referring to what a "Smith County jury would do," the court did not address whether a jury could assess deferred adjudication or regular community supervision.

To prevail on his first and second issues, Appellant must show *clear* bias to rebut the presumption that the trial court's actions were correct. *See* **Brumit**, 206 S.W.3d at 645 (holding judge's comments that earlier case made him think anybody who ever harmed a child should be put to death did not reflect bias, partiality, or failure to consider full range of punishment). In the case at hand, the trial court considered extensive evidence before assessing punishment and explicitly informed Appellant that his sentence would be within the range of punishment for his offense. Appellant has not indicated in his brief any statement by the trial court, other than its reference to "what a Smith County jury would do," that, in Appellant's view, indicates a clear bias or failure to consider the full range of punishment. Having considered the entirety of the record, we decline to hold that this reference, without more, supports an inference that the trial court considered only confinement as punishment for Appellant.[2] Therefore, we conclude Appellant was not denied due process and due course of law. Appellant's first and second issues are overruled.[3]

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

---

[2] *But compare* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(a) (Vernon Supp. 2010) *with* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 4(e) (Vernon Supp. 2010).

[3] The State contends that Appellant failed to properly preserve error by making a timely objection to the trial court. Appellant argues that failure to consider the entire range of punishment is a structural error and need not be preserved by contemporaneous objection. We need not decide whether an objection in the trial court was required to preserve this type of error on appeal because the record in this case does not reflect bias or that the trial judge did not consider the full range of punishment. *See* **Brumit v. State**, 206 S.W. 3d 639, 644-45 (Tex. Crim. App. 2006) (declining to reach the preservation issue because, addressing the merits, it found that the record did not reflect partiality of the trial court).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)