# NO. 12-12-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRANCE O. EASTERLING,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terrance O. Easterling appeals his conviction for kidnapping, for which, following the revocation of his community supervision, he was sentenced to imprisonment for ten years. In one issue, Appellant argues that his sentence amounted to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated kidnapping and pleaded "guilty" to the reduced charge of kidnapping. The trial court found Appellant "guilty" of kidnapping and sentenced him to imprisonment for ten years, but suspended the sentence and placed Appellant on community supervision for eight years.

On January 5, 2012, the State filed a motion to revoke Appellant's community supervision alleging that Appellant had violated certain conditions thereof. On May 7, 2012, the trial court conducted a hearing on the State's motion. At the hearing, Appellant pleaded "true" to two of the allegations in the State's motion. Specifically, Appellant pleaded "true" to the allegations that he (1) used cocaine and marijuana from May 2011 through December 2011 and (2) stopped reporting

to his community supervision officer in October 2011.  At the conclusion of the hearing, the trial court found to be "true" the two allegations in the State's motion to which Appellant pleaded "true."  Thereafter, the trial court revoked Appellant's community supervision and sentenced him to imprisonment for ten years.  This appeal followed.

## SENTENCING

As part of his first issue, Appellant argues that his sentence amounts to cruel and unusual punishment in violation of the United States Constitution.  However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error.  *See* ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties.  *See* ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also* ***Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd).  Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual.  *See* ***Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664.  In the case at hand, Appellant was convicted of kidnapping, the punishment range for which is two to ten years.  *See* TEX. PENAL CODE ANN. §§ 12.34(a), 20.03(c) (West 2011).  Here, the sentence imposed by the trial court falls within the range set forth by the legislature.  Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

**Proportionality of Appellant's Sentence**

Nonetheless, Appellant urges the court to perform the three part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.  ***Solem***, 463

U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—kidnapping—was more serious than any of the offenses committed by the appellant in *Rummel*, while Appellant's ten year sentence is far less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test.

**Failure to Consider Full Range of Punishment**

In the remainder of his sole issue, Appellant contends that the trial court erred in failing to consider the full range of punishment. Appellant's argument is vague, but appears to be based solely on the fact that he received the maximum possible sentence under the statutory punishment

range.

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV; *see also* TEX. CONST. art. I, § 19. Due process requires that the trial court conduct itself in a neutral and detached manner. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); *see also Brumit*, 206 S.W.3d at 645. However, absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645. Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *See id*.

In the instant case, Appellant has failed to set forth any argument or cite any facts that support his contention that the trial court exhibited bias. *See* TEX. R. APP. P. 38.1(i). Even so, we have reviewed the record, and have not located any evidence indicating that the trial court exhibited bias.

To the contrary, at the punishment hearing, the trial court explained to Appellant that were it to find the allegations in the State's motion to be true, it could (1) revoke his probation and sentence him up to ten years, (2) do nothing, if appropriate, or (3) do something in between each of those extremes.

The State declined to call any witnesses. Thereafter, the trial court considered Appellant's testimony, in which he recounted his problems with drug addiction and homelessness and expressed his need for further drug addiction treatment. Further, the trial court considered the testimony offered by Appellant's wife, Latoya Easterling, who expressed her belief that Appellant would benefit from further treatment for drug addiction and what she believed to be bipolar disorder. Finally, the trial court considered testimony from Appellant's mother, Barbara Easterling, who expressed her belief that Appellant would benefit from further treatment for drug

4

addiction.

The State argued for the maximum sentence based, in part, on (1) Appellant's pleas of "true" and (2) Appellant's statement at a previous revocation hearing that "if he messed up, he deserved the maximum." Appellant argued that he would benefit from treatment for his drug addiction and that, in prison, he would not get the sort of treatment he needed. The trial court recounted Appellant's criminal history and the outcomes of the State's past motion to revoke before pronouncing Appellant's sentence.

To prevail in his argument, Appellant must show clear bias to rebut the presumption that the trial court's actions were correct. *See*, *e.g.*, ***Brumit***, 206 S.W.3d at 645 (holding judge's comments that earlier case made him think anybody who ever harmed a child should be put to death did not reflect bias, partiality, or failure to consider full range of punishment). In the case at hand, the trial court considered the evidence before assessing punishment and explicitly stated to Appellant that it would consider the entire range of punishment. Appellant has not indicated in his brief any statement by the trial court that indicates a clear bias or a failure to consider the full range of punishment. Having considered the entirety of the record, we decline to hold that the fact that the trial court ultimately sentenced Appellant to the maximum possible term under the statutory punishment range supports an inference that the trial court considered only that period of imprisonment as punishment for Appellant. Therefore, we conclude Appellant was not denied due process and due course of law.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 12, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 12, 2012

NO. 12-12-00197-CR

**TERRANCE O. EASTERLING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th Judicial District Court

of Houston County, Texas. (Tr.Ct.No. 09CR-095)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*