In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00548-CR
_____

JOSEPH KERRY CELESTINE II, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12108

MEMORANDUM OPINION

In two issues, Joseph Kerry Celestine II argues that his due process rights were violated because the trial court refused to consider the entire range of punishment before assessing his sentence and because the trial court assessed an excessive sentence. We affirm the trial court's judgment.

In carrying out a plea bargain agreement, Celestine pled guilty to aggravated robbery, a first degree felony. *See* Tex. Penal Code Ann. §§ 12.32, 29.03 (a)(2), (b)

1

(West 2011). Under the terms of Celestine's plea bargain agreement, the trial court deferred adjudication of Celestine's guilt, placed him on community supervision for seven years, and assessed a fine of seven hundred dollars. Subsequently, the State filed a motion asking that the trial court revoke its community supervision order and requesting that the court find Celestine guilty of aggravated robbery. During the revocation hearing, Celestine pled "true" to violating two of the provisions in the trial court's community supervision order. The trial court found that Celestine violated two of the terms of the trial court's deferred adjudication order, found Celestine guilty of aggravated robbery, and then sentenced Celestine to fifty years in prison.

Celestine did not raise the issues he now raises in the trial court. Nevertheless, Celestine contends the trial court should have considered the mitigating circumstances that he presented and given him a fair sentence. According to Celestine, he did not waive error by failing to object because a contemporaneous objection is not required when the fact that the trial court was going to assess a fifty-year sentence was not apparent until it was assessed. However, while the length of the sentence the trial court intended to assess was undoubtedly not known, Celestine also failed to object after the trial court

2

pronounced the sentence. Celestine also did not file a motion for new trial complaining of the length of his sentence.

To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). A party's failure to object in the trial court on the basis that a sentence is excessive or on the grounds that the trial court failed to consider the entire range of punishment waives those alleged errors for review on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the defendant forfeited complaint about his constitutional right to be free from cruel and unusual punishment by failing to raise objection in the trial court on that basis); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding the defendant failed to preserve Eighth Amendment argument that he received a disproportionate sentence); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (stating the defendant failed to preserve error that the trial court arbitrarily refused to consider the entire range of punishment by failing to object); *but see Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) ("We need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court or that a predetermined

sentence was imposed."). We hold that the alleged errors Celestine raises in his appeal were waived.

Nevertheless, even had Celestine preserved his issues for appellate review, his complaints are without merit. In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached when he assessed the defendant's punishment, and that the trial court considered the full range of punishment. *See Brumit*, 206 S.W.3d at 645; *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Bias is not shown when the trial court makes no comments indicating that he considered less than the full range of punishment. *See Brumit*, 206 S.W.3d at 645. Here, the record does not support Celestine's claim that the trial court failed to consider the full range of punishment, as none of the trial court's comments reflect bias, partiality, or a refusal to consider evidence relevant to punishment or to the full range of punishment. *See id.* Because the record does not show that the trial court arbitrarily refused to consider the entire range of punishment in assessing Celestine's sentence, we overrule issue one.

While Celestine also complains that his sentence is excessive, Celestine's fifty-year sentence is within the statutorily authorized range of punishment for aggravated robbery. *See* Tex. Penal Code Ann. §§ 12.32, 29.03(a)(2), (b).

Aggravated robbery is a first degree felony which carries a punishment range of confinement for "life or for any term of not more than 99 years or less than 5 years." *See id.* § 12.32. Generally, a sentence that is within the range of punishment established by the Legislature will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). A punishment within the statutory range for an offense is generally not excessive or unconstitutionally cruel or unusual under the United States or Texas Constitutions. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). We overrule issue two, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2013
Opinion Delivered October 16, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.