**Affirmed and Memorandum Opinion filed December 4, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00838-CR

---

### ANTONIO ONORATO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Cause No. 1884855**

---

## MEMORANDUM OPINION

In this appeal we consider whether appellant received ineffective assistance of counsel because his trial counsel allegedly failed to fully investigate witnesses who could potentially provide mitigating evidence at the punishment phase of trial. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by information with the misdemeanor offense of assault arising out of an incident in which appellant struck the complainant,

breaking her nose. Appellant pleaded "not guilty" to the charged offense. Before trial by jury, appellant elected to have the trial court assess punishment.

At trial, the State presented witnesses who testified that appellant attacked the complainant outside of a nightclub because appellant was angry that the complainant punched him a few months earlier. The complainant testified she punched appellant a few months earlier because, without provocation, he had attacked one of the complainant's female friends. According to the complainant, on the night of the incident, the complainant was at a nightclub with a friend and the friend's brother. As the complainant was exiting the nightclub, appellant saw her and approached her to discuss the prior incident. After the conversation, as she turned to leave, appellant tapped her on the shoulder and punched her when she turned around, shattering her nose. Appellant then began attacking the complainant while his associates attacked the complainant's friend's brother. The complainant's friend testified that appellant had threatened the complainant and the friend had moved homes because of the threat. The jury found appellant guilty as charged.

At the punishment hearing, the State relied upon the evidence it submitted at trial, and appellant presented the testimony of appellant's aunt, Maria Ortega. Ortega testified that she had been involved in appellant's upbringing. She stated that she had not known him to be violent and that he was a good student who had graduated from high school and was planning on attending college. Ortega requested that the court give appellant probation to allow him to prove that he's "not a bad child." The trial court assessed punishment at one year's confinement.

Appellant filed a motion for new trial on the grounds that his trial counsel rendered ineffective assistance. The trial court denied appellant's motion for new trial.

On appeal, appellant presents two issues, in which he asserts that he received ineffective assistance of counsel during the punishment phase of the trial. In support of his claim, appellant alleges that his trial counsel was deficient in failing to investigate potential witnesses to testify at the punishment hearing.

## II. ANALYSIS

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I § 10; Tex. Code Crim. Proc. art. 1.051 (West, Westlaw through 2013 3d C.S.). This right to assistance of counsel necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex Parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92. This test applies to claims arising under the state as well as the federal constitution. *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). Appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). When the prejudice prong of the *Strickland* test is dispositive, we need address only that prong on appeal. *See My Thi Tieu v. State*, 299 S.W.3d 216, 225 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

When a defendant asserts ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion. *Washington v. State*, 417 S.W.3d 713, 724–25 (Tex. App.—Houston

3

[14th Dist.] 2013, pet. ref'd). We review de novo the trial court's decision on the prejudice prong while giving deference to the trial court's implied resolution of the underlying factual determinations in support of the denial of the motion for new trial. *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005). This same deferential review must be given to a trial court's determination of historical facts when it is based solely on affidavits, regardless of whether the affidavits are controverted. *Riley v. State*, 378 S.W.3d 453 (Tex. Crim. App. 2012). When no express findings are made by the trial court, appellate courts are to impute implied factual findings that support the trial judge's ultimate ruling on the motion when such implicit findings are both reasonable and supported in the record. *Johnson*, 169 S.W.3d at 239.

Trial counsel has a duty to make an independent investigation into the facts of the case. *McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (per curiam); *overruled on other grounds, Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). Appellant argues that his trial counsel's performance was deficient because trial counsel did not conduct a meaningful independent investigation into potential witnesses to testify on appellant's behalf during the punishment phase of trial. In support of this claim, appellant asserts that trial counsel failed to inquire about potential witnesses who could offer mitigating evidence. Appellant also asserts that trial counsel did not adequately prepare Ortega to testify at the punishment hearing.

In an affidavit, appellant stated that trial counsel asked if he had any punishment witnesses available and appellant informed him that Ortega was present. Appellant also averred that trial counsel never asked appellant for the names of any witnesses who would testify if he were found guilty. The State presented the affidavit of appellant's trial counsel. In his affidavit, trial counsel

4

stated: "Of the relatives present in court, Maria Ortega, [appellant's] aunt, was the most positive in her opinion of [appellant]. She was also the most fluent in English." We presume for the sake of argument that trial counsel failed to investigate potential witnesses who could offer evidence on appellant's behalf during the punishment phase of trial and that this failure to investigate fell below the objective standard of reasonableness, based on prevailing professional norms. *See Strickland*, 466 U.S. at 688–92. Even under this presumption, appellant cannot prevail.

The second prong of the *Strickland* test requires a defendant complaining of ineffective assistance of counsel to prove that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* It will not suffice for appellant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. 2052. The failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that the witnesses were available and their testimony would have changed the result of the proceeding. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010). In evaluating the impact of potential punishment-phase witnesses, we must compare the evidence presented by the State with the evidence that the jury did not hear due to counsel's failure to investigate. *Id.* at 896.

At the hearing on the motion for new trial, in addition to presenting his affidavit, appellant presented affidavits from Ortega and two of appellant's business associates who stated that they would have testified at trial had they been asked. In her affidavit, Ortega stated that she did not expect to be called as a punishment-phase witness and was unprepared to testify. Ortega stated that if she

had been interviewed properly, she would have provided the court with more details, including that appellant was interested in learning and attending college, appellant graduated from high school a year early, appellant has 24 hours of college credit, that appellant has been a reliable worker, and that appellant wants to help with the family business after graduating from college.

Appellant also presented affidavits from a co-worker Luis Avila, and a business associate, Jorge Castillo. In Avila's affidavit, Avila stated that he worked with appellant in appellant's father's shop. Avila averred that appellant is a "good, hard worker" who is "friendly, respectful, and reliable." Castillo stated in his affidavit that Castillo does business with appellant's father and has observed appellant working for appellant's father. Castillo averred that appellant is a good worker who helps his father, has good communication skills, and a good work ethic.

The State did not present any additional evidence in the punishment phase, and relied upon the evidence presented at the guilt-innocence phase of trial. The State argued that appellant should not receive probation because he was arrested for murder while out on bond pending trial in this case. The murder charge, of which the trial court previously was made aware, was pending in Bexar County at the time of the punishment hearing. In addition, the state pointed out the appellant arrived late to court. The evidence presented at trial included evidence regarding the severity of appellant's assault on the complainant, evidence that appellant had assaulted the complainant's friend without provocation a few months earlier, and evidence that appellant threatened the complainant and his threat caused at least one of the eye-witnesses to the assault to move to a new home.

Appellant did not prove a reasonable probability that the testimony he could have presented if counsel had investigated potential punishment witnesses would

6

have changed the outcome of the proceeding. The testimony Ortega stated she would have provided at the punishment hearing had she been prepared was similar to the testimony she did provide except for the additional observations that appellant was employed and a good worker. The latter testimony was essentially the same testimony that Avila and Castillo would have provided.

Appellant asserts his sentence would have been less severe if trial counsel had presented the evidence that he was a good worker because this testimony would have been meaningful mitigation evidence. In light of the strength of the State's evidence supporting strict punishment, including the evidence that appellant had a history of violence, appellant issued a threat that caused one witness to move to a new home, and that appellant was charged with murder while out on bond for the assault case, appellant has not established a reasonable probability that evidence that he was a good worker would have mitigated his sentence. *See Jaenicke v. State*, 109 S.W.3d 793, 799 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that defendant did not establish prejudice resulting from trial counsel's failure to call character witnesses because those witnesses might seem incredible in light of fact that defendant was charged with burglary while awaiting trial).

The trial court did not abuse its discretion in denying appellant's motion for new trial in which appellant asserted that he received ineffective assistance of counsel. *See id.* Appellant's sole issue is therefore overruled.

### III. CONCLUSION

Appellant did not prove a reasonable probability that the result of his sentencing proceeding would have been different if appellant's trial counsel had investigated punishment-phase witnesses and presented their testimony as mitigating evidence.

The judgment of the trial court is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).